UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DEVON BROWN,

                Plaintiff,

v.

                                            **MEMORANDUM AND ORDER**
                                            24-CV-08424-SJB-ST

HEAD KITCHEN DIETICIAN, et al.,

                Defendants.
-----------------------------------------------------------------X

**BULSARA, United States District Judge:**

Before the Court are two motions to proceed *in forma pauperis* ("IFP") filed by *pro se* Plaintiff Devon Brown. (Appls. to Proceed IFP dated Dec. 18, 2024, Dkt. Nos. 5, 6). Brown is currently incarcerated at the Suffolk County Correctional Facility ("SCCF"). (Compl. dated Nov. 29, 2024 ("Compl."), Dkt. No. 1 at 1). His lawsuit alleges violations of 42 U.S.C. § 1983 by Errol Toulon, the "Head Kitchen Dietician" at SCCF ("Dietician"), two unidentified corrections sergeants, and two unidentified corrections officers (collectively "Defendants"). (*Id.* at 1, 3). Brown's request to proceed IFP is granted. However, for the reasons discussed below, Brown's claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## STANDARDS

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. A complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id.* (quotations omitted).

In other words, a plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 554, 555 (2007) (internal citations omitted). The determination of whether a party has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). "Where, as here, the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)); *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants . . . 'to raise the strongest arguments they suggest'" (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994))).

Nonetheless, even *pro se* complaints must contain sufficient factual allegations to allege a plausible claim. *Hogan*, 738 F.3d at 515; *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Under the IFP statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss

2

an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and quotations omitted); *see also* 28 U.S.C. § 1915A(b).[1]

## DISCUSSION

Brown alleges he has a documented fish allergy, but that on June 14, 2024, fish was served at SCCF during the 7 A.M. to 3 P.M. shift, and he was not provided an alternative meal.  (Compl. at 4).  As a result, Brown claims he was "starved for that portion of the day and suffered hunger pains[,] anxiety[.]" (*Id.*).  Brown also alleges that later that same day, fish was again served for dinner, and although he notified a corrections officer (who is alleged to have notified a sergeant, who is further alleged to have notified the Dietician), he was, once again, not served an alternative meal.  (*Id.*).  Brown claims that because he does "not have [c]ommissary," he "starved for the whole day and suffered pain[,] anxiety[,] nausea[,] weakness[,] and migraines[.]" (*Id.*).  To his Complaint, Brown attaches a grievance form submitted to the New York State Commission of Correction on June 15, 2024, in which he wrote that he was "allergic to

---

[1] Like the IFP statute, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted[.]"  42 U.S.C. § 1997e(c)(1).

seafood." (*Id.* at 6). He asked for an alternative meal when he was allergic to the regular food being served, and that information about his allergies be "posted somewhere." (Compl. at 6). In response, the grievance coordinator wrote that he did *not* have any food allergies listed and would be evaluated "as soon as possible to determine if he is to receive a special diet." (*Id.*). The form also indicates that his "special diet was updated" for "allergies to fish, tomatos [sic] and milk" on June 25, 2024. (*Id.*). Brown seeks to recover a damages award of $100,000 for his "troubles" and "suffering." (*Id.* at 5).

A valid Section 1983 claim requires a plaintiff to allege that defendants violated the plaintiff's constitutional or federal rights while acting under color of state law. 42 U.S.C. § 1983; *see also Washington v. County of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004).

Although Brown does not identify the law or constitutional provision alleged to have been violated, the Court construes Brown's Complaint as alleging a violation of conditions of confinement. "The Eighth Amendment requires prison officials to 'provide humane conditions of confinement' by 'ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care, and . . . [by] tak[ing] reasonable measures to guarantee the safety of the inmates.'" *Smith v. New York*, No. 23-CV-6601, 2024 WL 4746554, at *2 (2d Cir. Nov. 12, 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). An Eighth Amendment "conditions of confinement claim has both

4

objective and subjective components." *Id.*; *see also Mallet v. New York State Dep't of Corr. & Cmty. Supervision*, 126 F.4th 125, 132 (2d Cir. 2025).[2]

*First*, "the plaintiff must show that, objectively, 'the conditions of his confinement result in unquestioned and serious deprivations of basic human needs.'" *Smith*, 2024 WL 4746554, at *2 (quoting *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996)). To that end, "under certain circumstances a substantial deprivation of food may well be recognized as being of constitutional dimension." *Sankara v. Montgomery*, No. 16-CV-885, 2018 WL 4610686, at *8 (N.D.N.Y. June 25, 2018) (quoting *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983)), *report and recommendation adopted*, 2018 WL 3408135, at *2 (July 13, 2018); *see also Jackson v. Marks*, 722 F. App'x 106, 107 (2d Cir. 2018) ("'[A] substantial deprivation of food' can cause serious physical harm sufficient to find cruel and unusual punishment in violation of the Eighth Amendment." (quoting *Robles*, 725 F.2d at 15)).

Measured by an objective standard, Brown's claim that he missed two meals on one day, with only limited alleged health effects, does not amount to a constitutional

---

[2] "The "Cruel and Unusual Punishments Clause" of the Eighth Amendment 'was designed to protect those convicted of crimes.'" *Jones v. Greene Cnty. Sheriff's Dep't*, No. 24-1402, 2025 WL 1166199, at *1 (2d Cir. Apr. 22, 2025) (quoting *Whitley v. Albers*, 475 U.S. 312, 318 (1986)). Therefore, "[a] pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight[h] Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). And although Brown does not indicate whether he was a pretrial detainee at the time of the alleged meal deprivation, both an Eighth and Fourteenth Amendment claim require alleging that the deprivation was—on an objective standard—"sufficiently serious." *See id.*

5

violation. "[A]n isolated denial of a meal does not give rise to a constitutional deprivation," *Jallow v. Geffner*, No. 23-CV-3969, 2024 WL 37073, at *14 (S.D.N.Y. Jan. 2, 2024) (quotations omitted) (collecting cases), unless the "deprivation of food or nutrients . . . create[s] a serious danger to the health of the inmate." *Id.* at *13. The deprivation must "pose an unreasonable risk of serious damage to [the prisoner's] health." *Smith*, 2024 WL 4746554, at *2 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)). "Though there is no single metric . . . a 'sufficiently serious' medical condition in the Eighth Amendment context refers to a condition of urgency that may result in degeneration or extreme pain, that significantly affects daily activities, or that involves chronic and substantial pain." *Mallet*, 126 F.4th at 132 (citations and quotations omitted).

Brown's allegations of the two missed meals—and subsequent alleged anxiety, pain, migraines, and nausea, (*see* Compl. at 4)—for a single day do not constitute a sufficiently serious risk to his health. *E.g.*, *McFadden v. Keyser*, No. 23-CV-802, 2025 WL 846371, at *3 (S.D.N.Y. Mar. 18, 2025) ("Plaintiff complains that being fed food with allergens caused him stomach pains. Courts have previously held that, without more, stomach pains are insufficient to serve as the predicate medical condition for an Eighth Amendment deliberate indifference claim." (citation omitted)); *Jallow*, 2024 WL 37073, at *14; *Edwards v. Horn*, No. 10-CV-6194, 2012 WL 760172, at *9 (S.D.N.Y. Mar. 8, 2012) (adopting report and recommendation) ("[Plaintiff] does not allege that the alleged denials of food placed his health and well being in any immediate danger.").

6

*Second*, "[s]ubjectively, the official must have acted with the requisite state of mind[.]" *Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011).[3]  And so, Brown must also allege that the Defendants were deliberately indifferent.  That is, he must allege they had "knowledge that an inmate faces a substantial risk of serious harm *and* [they] disregard[ed] that risk by failing to take reasonable measures to abate the harm." *Smith*, 2024 WL 4746554, at *2 (quoting *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)).  Brown does not allege that any Defendant acted with a deliberate indifference when they gave him two meals he could not eat.  Indeed, the grievance form Brown attached to the Complaint suggests that SCCF was not aware of his allergies until the day after the incidents allegedly occurred.  (Compl. at 6).  This failure also requires his claim to be dismissed.  *E.g.*, *Dalcime v. Nassau Cnty. Sheriff's Dep't*, No. 24-CV-07254, 2025 WL 510042, at *2 (E.D.N.Y. Feb. 16, 2025) ("The complaint only

---

[3] The standard is different if Brown was a pretrial detainee and his claim arises under the Fourteenth Amendment:

> [T]o establish a claim for deliberate indifference to conditions of confinement under the Due Process Clause of the Fourteenth Amendment, the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.  In other words, the "subjective prong" (or "*mens rea* prong") of a deliberate indifference claim is defined objectively.

*Darnell v. Pineiro*, 849 F.3d at 35.  The difference is immaterial here, because Brown's Complaint fails to make any allegations that the Defendants acted with deliberate indifference.  And so his claim fails the "subjective" prong, even if he were a pretrial detainee.

7

alleges that his food tray was prepared by the food service director . . . or his subordinates[.]  [I]t does not contain any other facts as to the culpable state of mind of these individuals.  Therefore, the complaint fails to satisfy the subjective component necessary to state a claim[.]" (citations and quotations omitted)).

## CONCLUSION

For the reasons set forth above, Brown's motions to proceed IFP are granted and his claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).  The Court grants Brown leave to file an amended complaint by Wednesday, June 11, 2025.  However, unless the amended complaint alleges facts that suggest the deprivation of food caused serious harm and that the Defendants were deliberately indifferent to Brown's health, the amended complaint will be dismissed with prejudice.  *See Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002).  Should Brown fail to file an amended complaint by the deadline, the Clerk of Court will be instructed to close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.
*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Dated:   May 12, 2025
         Central Islip, New York

8